## STROIZER v. PAUL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8233. Decided Feb. 13, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

771. MISCONDUCT—Of Trial Judge.

Oft repeated statement by court that "somebody is committing a perjury in this lawsuit," and comments, upon testimony, which include his conclusions as to disputed facts, held grounds for reversal.

Error to Common Pleas.
Judgment reversed.

Hedrick & Hedrick, Cleveland, for Stroizer.
Mark A. Copeland, Cleveland, for Paul.
STATEMENT OF FACTS.

In the court below, Luella Stroizer brought an action to recover damages for injuries received while working as a domestic in the house of the defendant Paul. The injuries were caused by a defect in a washing machine. Verdict was rendered in favor of the defendant.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

VICKERY, J.

There are several grounds of error. It will be necessary for us to consider but two.

It seems that the defendant offered seven requests to be charged and that the giving of five of these requests is alleged as error. Only two have been called to our attention. Those, I believe, were the third and fourth, the first two having been refused.

We do not have much fault to find with the first request, but the second request, as given, we think, is clearly erroneous and that error was prejudicial to the plaintiff, as it did not fairly submit the case, to the jury, that was made in the record.

The other requests were not discussed in oral argument, and perhaps it is not necessary to discuss them in this opinion.

The other error is the attitude of the court and his commenting upon the evidence that was introduced in this case.

The error complained of is that here was an old colored woman on one side, poor and humble, and on the other side well to do people, standing high in society, with a large place and several servants. Now with this in mind, read the comments of the court. He states over and over again that somebody is committing a perjury in this lawsuit; that somebody is lying in this lawsuit, and he made several comments upon what Mrs. Paul testified to and what the plaintiff testified to, all of which were uncalled for and were extremely prejudicial to the plaintiff in having her case fairly submitted. The language of the court was such that it was not couched in such form "that if the jury should find," but he stated it as though he regarded it as a fact and thus commented upon the testimony. We think that was prejudicial, under the circumstances, and the court exceeded his authority.

Now, taking into consideration the different walks of life that plaintiff and defendant occupied and the natural prejudice that may sometimes exist against a colored person, we do not see how the remarks of the court would be other than prejudicial, and we think the case must be reversed and remanded to the Court of Common Pleas for a new trial on two grounds:

First: The giving of the charge referred to.

Second: Misconduct of the court in commenting upon the testimony and not fairly submitting it to the jury.

For these two reasons the case will be reversed and remanded to the trial court for a new trial.

(Sullivan, PJ. and Levine, J., concur.)